# UNITED STATES DISTRICT COURT
# NORTHEN DISTRICT OF TEXAS

| | |
|---|---|
| **DELFINA GAMEZ,** | § |
| Plaintiff, | § Civil Action No.: |
| v. | § |
| **MEDICREDIT, INC.,** | § **JURY TRIAL DEMANDED** |
| Defendant. | § |

## COMPLAINT

DELFINA GAMEZ ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against MEDICREDIT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Texas Debt Collections Practices Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("TFDCPA"), and the Telephone Consumer Protection Act, 47. U.S.C. Sec. 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Dallas, Texas 75217.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3) and Tex. Fin. Code Ann. § 392.001(1).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a national debt collection company with headquarters located at 3 City Place Drive, Suite 6900, Saint Louis, Missouri, 63141.

9. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and Tex. Fin. Code Ann. § 392.001(6); and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Tex. Fin. Code Ann. § 392.001(2).

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

13. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

14. The alleged debt arose out of transactions primarily for personal, family, or house hold purposes.

15. By way of background, beginning in or around October 2015, Defendant began placing repeated harassing telephone calls to Plaintiff regarding a medical debt.

16. Defendant's calls originated from the numbers including, but not limited to; (888) 930-4297. The undersigned has confirmed that this number belongs to Defendant.

17. Plaintiff told Defendant in October 2015 to stop calling, revoking any consent previously provided to call her cellular telephone.

18. However, rather than stopping calls to Plaintiff's cellular telephone, Defendant continued to call Plaintiff, and placed repeated harassing telephone calls to her between March 2016 and April 2016.

19. Once Defendant was aware that its calls were not wanted there was no lawful reason to continue calls, and the only purpose continued calls could have served was to harass Plaintiff.

20. During this time, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages, when contacting Plaintiff.

21. Plaintiff knew that Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded message, as an automated message would play when she answered the telephone.

22. Defendant's telephone calls were not made for "emergency purposes," but rather to collect an alleged debt.

23. On each occasion in which Plaintiff "pressed one", and she was transferred to one of Defendant's representatives, she requested that they cease placing calls to her cellular telephone, and instead, direct all communications to her mailing address.

24. Defendant ignored Plaintiff's request and continued to place automated telephone calls thereafter.

25. Again, Plaintiff requested all communications to her cellular telephone to cease, and further explained that she was currently unemployed and unable to pay, but would contact Defendant when she was able to make payments.

26. Defendant disregarded the provided information and continued to place unwanted calls to Plaintiff knowing its calls were unwanted and that Plaintiff could not pay the debt.

27. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

28. Further, upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
### DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

29. A debt collector violates § 1692d of the FDCPA by engaging n conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

30. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

31. Defendant violated §§ 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff's cellular telephone, causing her telephone to repeatedly and

continuously ring, and when it continued to call knowing the calls were unwanted as indicated by Plaintiff on multiple occasions, and knowing that Plaintiff could not pay the debt.

## COUNT II
### DEFENDANT VIOLATED § 392.302(4) OF THE TFDCPA

32. A debt collector violates § 392.302(4) of the TFDCPA by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

33. Defendant violated § 392.302(4) of the Texas FDCPA when it placed repeated harassing telephone calls to Plaintiff's cellular telephone, causing her telephone to repeatedly and continuously ring, and when it continued to call knowing the calls were unwanted as indicated by Plaintiff on multiple occasions, and knowing that Plaintiff could not pay the debt.

## COUNT III
### DEFENDANT VIOLATED THE TCPA

34. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

35. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

36. Plaintiff did not give consent for Defendant to place telephone calls to her cellular phone after October 2015.

37. Defendant ignored Plaintiff's revocation and repeatedly placed non-emergency

calls to Plaintiff's telephone without Plaintiff's consent.

38. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

39. Defendant called Plaintiff on her cellular telephone dozens of times beginning in October 2015.

40. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system and an artificial prerecorded voice to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, DELFINA GAMEZ, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

    e. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

    f. Any other relief deemed appropriate by this Honorable Court.

                                         RESPECTFULLY SUBMITTED,

Dated: March 3, 2017          KIMMEL & SILVERMAN, P.C.

                                        By: /s/ Amy Bennecoff Ginsburg
                                        Amy Bennecoff Ginsburg
                                        30 East Butler Pike
                                        Ambler, Pennsylvania 19002
                                        Phone: (215) 540-8888
                                        Facsimile (877) 788-2864
                                        Email: aginsburg@creditlaw.com